UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br>            Plaintiff, <br><br>       v. <br><br> DEPARTMENT OF DEFENSE, <br><br>            Defendant. | Civil Action 05-00390 (HHK) |

MEMORANDUM OPINION

Judicial Watch, Inc. brings this action against the Department of Defense ("DOD") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., challenging the adequacy of DOD's response to its FOIA request. DOD contends that its response was adequate and that it has released all responsive, nonexempt documents to Judicial Watch. Before the court are the parties' cross motions for summary judgment. Upon consideration of the motions, the oppositions thereto, and the record of the case, the court concludes that DOD's motion must be granted and Judicial Watch's motion must be denied.

I.  BACKGROUND

Judicial Watch is a non-profit member of the news media that collects, publishes, and disseminates information about government operations and activities. Judicial Watch's stated goal is to "increase public understanding about the importance of ethics and the rule of law in government." Pl.'s Mot. for Partial Summ. J. ("Pl.'s Mot."), Ex. B ("FOIA Request") at 5.

On March 23, 2004, Judicial Watch submitted a FOIA request to DOD seeking seven categories of records pertaining to:

(1) the "Empower Peace" website, a website for an initiative aimed at "mending the 'vacuum' of understanding that exists between the Muslim world and the U.S.," FOIA Request at 8;

(2) DOD funding and/or sponsorship of parties involved with the website;

(3) Iraqi National Congress funding and/or sponsorship of parties involved with the website;

(4) the Rendon Group, the media consultancy firm that maintains the website, from September 11, 2001 through March 23, 2004;

(5) the names of all corporations used, engaged and/or contracted by DOD as media consultants, from September 11, 2001 through March 2, 2004;

(6) the names of all corporations used, engaged and/or contracted by DOD for "strategic influence, perception management, strategic information warfare and/or strategic psychological operations," *id.* at 2, from September 11, 2001 through March 23, 2004; and

(7) a paper entitled, "Information Operations Roadmap," reportedly discussed by the Assistant Deputy Director for Information Operations at a conference held in London on July 3, 2003.

*Id.* at 1–2.

On January 28, 2005, more than nine months after the date of the FOIA request, DOD released documents responsive to items 4 and 5. DOD failed, however, to provide any items relating to the remaining items. Consequently, Judicial Watch initiated this lawsuit on February 25, 2005. Two months later, by letter dated April 20, 2005, DOD informed Judicial Watch that they were not able to locate any records responsive to items 1, 2, 3, and 6. On July 26, 2005, DOD released documents responsive to item 7. Having obtained documents responsive to items 4, 5, and 7, Judicial Watch concedes that the sole issue remaining with regard to Judicial Watch's

March 2004 FOIA request is whether DOD's search for documents with respect to items 1, 2, 3, and 6 was adequate. Def.'s Mot. for Summ. J. ("Def.'s Mot."), Ex. F.

## II. ANALYSIS

Judicial Watch moves for partial summary judgment,[1] arguing that DOD "failed to conduct an adequate search for responsive records" and seeking an order requiring DOD to conduct an appropriate search "without further delay." Pl.'s Mot. at 1. DOD likewise moves for summary judgment, asserting that it "conducted a search reasonably calculated to uncover all relevant documents." Def.'s Mot. at 1. Given the adequacy of its search, DOD contends that "this case is moot because all responsive, nonexempt records already have been released to Plaintiff." *Id.*

A FOIA search is adequate if it was "reasonably calculated to discover the requested documents." *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *Wilson v. DEA*, 414 F. Supp. 2d 5, 9–12 (D.D.C. 2006). To be adequate, a search need not uncover *all* relevant documents, so long as the agency can show that it searched all locations likely to contain documents responsive to the FOIA request. *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Wilson*, 414 F. Supp. 2d at 11 ("The adequacy of an agency's search is not

---

[1] Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering whether there is a triable issue of fact, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248. Moreover, "any factual assertions in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992).

determined by the results of the search or by the quantity of information ultimately released. Rather, 'the adequacy of a FOIA search is generally determined . . . by the appropriateness of the methods used to carry out the search.'") (quoting *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)).

An agency bears the burden of proof in demonstrating that it conducted an adequate search. 5 U.S.C. § 552(a)(4)(B). To meet this burden and to counter a plaintiff's claim that an agency search was inadequate, the agency "must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (internal quotations omitted). It may do so by submitting affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126–27 (D.C. Cir. 1982) (per curiam). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id.* at 127. However, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Maydak v. Dep't of Justice*, 254 F. Supp. 2d 23, 39 (D.D.C. 2003) ("Summary judgment is inappropriate if a review of the record raises substantial doubt about the adequacy of the search.") (internal quotations omitted).

In the instant case, DOD submitted an affidavit by William Kammer, DOD Chief of the Office of Information. Kammer indicates that DOD determined that the offices likely to have records responsive to Judicial Watch's FOIA request were: (1) the Office of the Assistant Secretary of Defense for Public Affairs ("OASD-PA"); (2) the Office of the Assistant Secretary of Defense for International Security Affairs ("OASD-ISA"); (3) the Office of the Deputy

Assistant Secretary of Defense for Special Operations and Combating Terrorism ("SO&CT"); and (4) the Statistical Information and Analysis Directorate ("SIAD") of the Defense Manpower Data Center. Def.'s Mot., Ex. A ("Kammer Decl.") ¶ 3. Kammer explains in detail the manner in which the files in each of these offices were searched and avers that, despite this extensive search, no responsive records were found. *Id.* ¶¶ 4–12. Later, in response to Judicial Watch's motion, DOD searched two more offices—the Office of the Deputy Under Secretary of Defense for Special Plans and Near East and South Asia Affairs and one of its components, the Northern Gulf Affairs Directorate—despite the fact that these offices were not likely to contain records responsive to Judicial Watch's FOIA request. Def.'s Opp'n, Ex. A ("Second Kammer Decl.") ¶¶ 1–5. Again, no responsive records were found. *Id.* ¶ 5.

The Kammer Declaration makes clear that DOD conducted extensive paper and electronic searches of the offices and files likely to contain responsive records. As such, DOD satisfied its burden of conducting a reasonable search for the documents requested by Judicial Watch, using methods "reasonably calculated to uncover all relevant documents." *Nation Magazine*, 71 F.3d at 890.

Despite the evidence establishing the extensive nature of DOD's search, Judicial Watch argues that DOD's motion for summary judgment should be denied for a number of reasons, none of which are persuasive. First, Judicial Watch contends that DOD is not entitled to summary judgment because of an alleged contradiction between DOD's April 20, 2005, letter to Judicial Watch and the Kammer Declaration. Pl.'s Opp'n at 8. Specifically, Judicial Watch contends that the April 20, 2005 letter indicates that DOD only searched OASD-PA for materials responsive to items 1, 2, and 3 and SIAD for documents pertinent to item 6, while the Kammer

Declaration indicates that DOD also searched SO&CT and ISA, without providing the dates of those searches. *Id.* Although Judicial Watch would have the court find that such a disparity is fatal to DOD's case, DOD adequately explains the inconsistency. First, the April 20, 2005 letter does not list, nor does it purport to list, all of the offices searched. Moreover, the letter was written *before* DOD conducted the search of SO&CT and ISA. Judicial Watch offers nothing to cast doubt on DOD's explanation.

Second, Judicial Watch argues that DOD did not *initially* search all of the relevant offices and that its "piecemeal" release of documents demonstrates that the agency search was inadequate. Pl.'s Reply at 3. This argument is meritless. DOD's recent search of offices not likely to contain responsive documents—conducted in response to Judicial Watch's motion for partial summary judgment—only strengthens the court's conviction that DOD's search was reasonable. *See Meeropol v. Meese*, 790 F.2d 942, 953 (D.C. Cir. 1986) (performance of additional searches and subsequent releases of information indicates good faith and "suggest[s] a stronger . . . basis for accepting the integrity of the search"); *cf. Iturralde*, 315 F.3d at 315 (finding "initial delays in responding to a FOIA request are rarely, if ever, grounds for discrediting later affidavits by the agency"). As DOD correctly contends, the dates of its searches are immaterial to the adequacy inquiry.[2]

---

[2] In processing a different request for documents in a different, now defunct, office, DOD uncovered a document that "may be responsive to item 6 of the FOIA request in this case." Second Kammer Decl. ¶ 9. Out of "an abundance of caution," DOD released this document to Judicial Watch on October 14, 2005. This late discovery does not undermine the court's conclusion that DOD's search was adequate, for the discovery of a single document after the completion of a reasonable search does not render the search unreasonable, particularly when, as here, the rationale for the late discovery is understandable. *See Meeropol*, 790 F.2d at 952–53 (recognizing that the D.C. Circuit has "'emphatically reject[ed]' the notion that an agency's disclosure of documents it had previously withheld renders its affidavits suspect") (internal

Third, Judicial Watch questions the adequacy of DOD's search because it is assertedly "not credible" that no documents responsive to item 6 were found. Pl.'s Opp'n at 9. Judicial Watch suggests that it is inconceivable that DOD "could not locate any documents containing the term 'strategic psychological operations' in the very office responsible for developing psychological operations policy." *Id.* at 4–5. DOD, on the other hand, contends that Judicial Watch did not inquire in item 6 about *all* documents related to "strategic psychological operations," but only about the *names* of all corporations DOD "used, engaged and/or contracted" for such activities. Def.'s Reply at 4–5. Although agencies have a duty to construe FOIA requests liberally, the court finds no compelling reason to construe Judicial Watch's request as covering *all* files related to strategic communication.[3]

Finally, Judicial Watch suggests that it has established that other documents responsive to its request "likely exist." Pl.'s Reply at 3. Judicial Watch, however, fails to provide sufficient evidence to support this contention. Judicial Watch relies solely on news articles about DOD's ties to media consultants—namely the Rendon Group—and other corporations involved in strategic communications as proof that DOD must have additional responsive records. Such a basis for information is, however, "mere speculation" and is insufficient to raise a genuine issue

---

quotation omitted); *Perry*, 684 F.2d at 128 (discovery of additional documents indicated "neither artifice nor subterfuge but rather, at worst, administrative inefficiency."); *Defenders of Wildlife v. USDA*, 311 F. Supp. 2d 44, 56 (D.D.C. 2004) ("[T]he subsequent disclosure of documents initially withheld does not qualify as evidence of bad faith.").

[3] When Judicial Watch sought widespread information about a topic or group, it framed those portions of its FOIA request broadly, *see, e.g.*, FOIA Request at 1 (requesting "*any and all* agency records related" to the Empower Peace website and the Rendon Group). Because item 6 is more specific, the court finds it reasonable that DOD searched for only the names of corporations engaged in "strategic psychological operations" and not for *all* documents related to the DOD's activities in that area.

of material fact regarding the adequacy of the agency's search. *See Meeropol*, 790 F.2d at 953 (holding a court cannot dismiss an agency's motion for summary judgment where plaintiff alleges the "existence of [responsive records] simply by virtue of their supposed subject matter"); *see also Iturralde,* 315 F.3d at 315 (finding that the plaintiff failed to "offer evidence of circumstances sufficient to overcome an adequate agency affidavit" where the plaintiff did not demonstrate that the agency "failed to search *particular* offices or files" that may have contained responsive records) (emphasis added); *Oglesby*, 920 F.2d at 68 (finding plaintiff's "own conviction that the [subject] was of such importance that records must have been created is pure speculation"). By asserting that *some* responsive documents might exist *somewhere* within the DOD, Judicial Watch fails to consider the proper reasonableness standard for judging the adequacy of FOIA searches. That standard asks whether the search was "reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68. It does not require the agency to "actually uncover[] every document extant." *Safecard Servs.*, 926 F.2d at 1201; *see also Iturralde*, 315 F.3d at 315 (noting that "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."); *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) ("[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*.") (emphasis in original).

In sum, DOD's reasonably detailed affidavits demonstrate the adequacy of its search for records responsive to Judicial Watch's March 23, 2004 FOIA request and Judicial Watch's

arguments to the contrary are unavailing.[4]  Thus, because all responsive nonexempt records have been released to Judicial Watch, the case is moot and DOD is entitled to summary judgment.

### III.  CONCLUSION

For the reasons set forth above, DOD's motion for summary judgment [#14] is granted and Judicial Watch's motion for partial summary judgment [#15] is denied.  An appropriate order accompanies this memorandum.

> Henry H. Kennedy, Jr.
> United States District Judge

Date:  June 28, 2006.

---

[4] Judicial Watch argues that it should be allowed to engage in discovery regarding the specifics of DOD's search.  However, discovery into the adequacy of an agency search is not typically granted in FOIA cases where the court is convinced, as it is here, that the agency's affidavits establish the sufficiency of the search.  *Broaddrick v. Executive Office of the President*, 139 F. Supp. 2d 55, 64 (D.D.C. 2001); *see also Safecard Servs.*, 926 F.2d at 1200–02 (denying plaintiff discovery where defendant's good faith affidavits established the adequacy of defendant's search)